United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| CYNTHIA DAWSON, | ) | Case No.: 5:13-cv-0881-PSG |
| Plaintiff, | ) ) | **ORDER GRANTING-IN-PART** |
| v. | ) | **PLAINTIFF'S MOTION TO COMPEL** |
| | ) | |
| NEW LIFE COMMUNITY SERVICES, INC., | ) | **(Re: Docket No. 32)** |
| Defendant. | ) ) | |
| | ) | |
| | ) | |

Plaintiff Cynthia Dawson ("Dawson") moves to compel Defendant New Life Community

Services, Inc. ("New Life") to provide more complete responses to her interrogatories and requests

for production.  Having considered the parties' papers, the court GRANTS-IN-PART Dawson's

motion.

Dawson is pursuing a Fair Housing Act[1] claim against New Life.  The complaint alleges

that she was admitted to New Life's residential treatment program in April of 2012, but due to her

preexisting medical disabilities, she suffered a number of medical emergencies that required

hospital visits.[2]  After the third such visit, New Life notified Dawson that she was being removed

---

[1] 42 USC § 3601.  Dawson is also pursuing related state law claims. *See* Docket No. 1.

[2] *See* Docket No. 1, ¶¶ 11-13.

1

Case No.: 5:13-cv-0881-PSG
ORDER GRANTING-IN-PART MOTION TO COMPEL

**United States District Court**
For the Northern District of California

from the program "because of her disabilities."[3] Dawson appealed the decision and requested a

reasonable accommodation, but her request was denied and she was evicted from New Life within

three days.[4]

Dawson served New Life with numerous interrogatories and requests for production.  New

Life objected to the requests on several grounds, and the court addresses each request in turn

below.

## I.     LEGAL STANDARD

Fed. R. Civ. P. 26(b) provides that parties "may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense."  The relevant information

"need not be admissible at trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence."  Relevance under Rule 26(b) is broadly defined, "although it is

not without ultimate and necessary boundaries."[5]

## II.     DISCUSSION

### A.     Requests For Interrogatory Responses

#### a.   Interrogatory Nos. 1, 2, 13, and 15

Dawson's first interrogatory requests the name and contact information of "each person who

was engaged as an employee, agent, officer or director in the operation of defendant New Life

Community Services, Inc., . . .  at any time since January 1, 2011."[6] Her second requests the same

information for "each person who received residential treatment (i.e. a program involving overnight

occupancy) provided, operated or managed by defendant New Life Community Services, Inc., . . . at

---

[3] Docket No. 1, ¶ 14.

[4] *See id.*, ¶¶ 15-16.

[5] *See Gonzales v. Google Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (internal citations and quotations omitted).

[6] *See* Docket No. 32 at 5.

Case No.: 5:13-cv-0881-PSG
ORDER GRANTING-IN-PART MOTION TO COMPEL

any time since January 1, 2012."[7]  Interrogatory thirteen seeks the name and contact information of "each person who was involuntarily discharged or removed from residential treatment program operated by New Life Community Service, Inc.. . .  at any time since January 1, 2008," and interrogatory fourteen asks for the information for" each person who was [sic] requested a reasonable accommodation in connection with any residential treatment operated by New Life Community Service, Inc.,. . . at any time since January 1, 2008." [8]

New Life objects to all four of these interrogatories on three grounds: 1) overbroad as to scope and time, 2) not reasonably likely to lead to the discovery of admissible evidence, and 3) protected by third-party privacy interests.[9]  In addition, it objects to interrogatory fourteen as vague and ambiguous. Despite these objections, in response to interrogatory number one, New Life provided Dawson with the names and titles of twenty-six employees who worked at New Life when Dawson was a resident there.

In response to New Life's objections, Dawson simply argues that she needs this information to identify "potential" witnesses to "similar" events, and that the broad nature of the federal rules allows for this discovery.

The problem with Dawson's requests is that they are supported by no evidence, or even allegations, suggesting that any such similar incidents exist.  Without support, her search for similar incidents constitutes no more than a fishing expedition.  In light of the burden that a more fulsome response to the interrogatories could impose on the employees in question, the court is unwilling to permit such an expedition.

The motion is DENIED with respect to interrogatories number 1, 2, 13, and 14.

---

[7] *Id.* at 6.

[8] *Id*.

[9] *See id.*

Case No.: 5:13-cv-0881-PSG
ORDER GRANTING-IN-PART MOTION TO COMPEL

United States District Court
For the Northern District of California

b.   <u>Interrogatory Nos. 4 and 7</u>

Dawson's fourth interrogatory requests the name, title, and role of "each employee, agent, officer or director of New Life Community Service, Inc. who made any material decision regarding plaintiff Cynthia Dawson's admission, recovery, medical treatment or condition, conduct, reasonable accommodation request, discharge or removal at any time since January 1, 2012."[10]  Her seventh interrogatory requests an explanation of the reasons and material facts that a reasonable accommodation for her disability would have created an undue burden on New Life.[11]  New Life objects to these requests as vague and ambiguous.[12]  In addition, it argues that interrogatory four contains multiple discrete subparts, in violation of Fed. R. Civ. P. 33.

The court finds New Life's "vague and ambiguous" objections unpersuasive.  The complaint alleges that on May 24, 2012, Dawson asked Esther Wei, New Life's general manager for a reasonable accommodation for her disability, which Wei refused.[13]  Interrogatories four and seven clearly seek additional information about that decision.  On that basis alone, Dawson's request is GRANTED as to interrogatory seven.

As for interrogatory four, Rule 33 prohibits a single interrogatory from containing "discrete subparts," which this district has interpreted to mean subparts that are not "logically or factually subsumed within and necessarily related to the primary question."[14]  In interrogatory four, all the purported "subparts" are related to the overarching question of who made decisions regarding

---

[10] *Id.* at 14.

[11] *See id.*

[12] *See id.* at 14-15.

[13] *See* Docket No. 1, ¶ 15.

[14] *Grateful Dead Prods. v. Sagan*, Case No. 06-07727-JW-PVT, 2007 WL 3132666 (N.D. Cal. Oct. 22, 2007).

4

Case No.: 5:13-cv-0881-PSG
ORDER GRANTING-IN-PART MOTION TO COMPEL

Dawson's status at New Life.  Thus, they pass muster under Rule 33, and Dawson's motion is GRANTED as to interrogatory four.

**B.      Requests for Document Productions**

            a.   <u>Request for Production No. 1</u>

            In Dawson's first request for production, she asked New Life to "[p]lease produce any document or thing regarding, concerning, discussing, or relating to plaintiff Cynthia Dawson, including any document or thing that may be used to impeach her testimony."[15] New Life responded with the following objection: "To the extent that Request for Production No. 1 seeks documents that may be used to 'impeach' plaintiff's testimony, Request for Production No. 1 is vague and ambiguous, seeks documents protected from disclosure by the attorney-work product privilege, and is not in conformity with F.R.C.P. 34, in that it does not describe the items to be produced with reasonable particularity."[16] However, New Life continued, "Without waiving said objections, and as New Life . . . understands this request, [New Life] will produce all documents in its possession pertaining to plaintiff Cynthia Dawson."[17] Dawson represents to the court that to date, New Life failed to produce any documents or privilege logs which are responsive to request for production number one.[18]

            In this instance, the court finds that it is New Life's response that is vague and ambiguous. On the one hand, it purports to object to the request on three independent grounds. On the other, it agrees to produce "all documents in its possession" which relate to the plaintiff.  In reality, nothing was produced at all.

            The court now clarifies New Life's responsibilities with respect to request for production number one.  Because it has already agreed to do so, New Life is required to produce any and all

---

[15] Docket No. 32 at 16.

[16] *Id.*

[17] *Id.*

[18] *See id.*

Case No.: 5:13-cv-0881-PSG
ORDER GRANTING-IN-PART MOTION TO COMPEL

documents relating to the plaintiff that are currently in its possession.  "[A]ll documents pertaining to plaintiff Cynthia Dawson" is neither vague nor ambiguous; if the document references Cynthia Dawson in any way, it must be produced.  Any responsive document that is covered by the attorney-client or work product privileges may be withheld, subject to the production of a privilege log.

      Dawson's motion is GRANTED as to request for production number one.

        b.  <u>Request for Production No. 22</u>

      Finally, Dawson's twenty-second request for production asks for "a complete copy of any document or thing supporting, explaining or refuting the denial or refusal of plaintiff Cynthia Dawson's request for reasonable accommodation."[19] New Life's sole objection to this request is that it is "vague and ambiguous" because "plaintiff Cynthia Dawson has not identified her request for a "reasonable accommodation." [20] As with interrogatory numbers four and seven, the court finds this objection unpersuasive as the complaint sets forth both the date of the request and the individual to whom it was made.[21] The motion is GRANTED with respect to request for production number twenty-two.

## IV.    CONCLUSION

      New Life shall fully respond to interrogatory numbers four and seven.  New Life shall also produce all documents in its possession that are responsive to Dawson's requests for production numbers one and twenty-two.  New Life shall complete its further responses and productions within fourteen days of this order.  All other relief requested is DENIED.

**IT IS SO ORDERED.**

Dated: December 12, 2013

                     _Paul S. Grewal_

                     PAUL S. GREWAL
                     United States Magistrate Judge

---

[19] *Id.*

[20] *Id.* at 17.

[21] *See* Docket No. 1 ¶¶ 15-16.

Case No.: 5:13-cv-0881-PSG
ORDER GRANTING-IN-PART MOTION TO COMPEL

**United States District Court**
For the Northern District of California